No. 8859.

FORT MORGAN RESERVOIR & IRRIGATION COMPANY ET AL. *v.* STERLING IRRIGATION COMPANY ET AL.

1. CONTRACTS—*Ratification.* Several irrigation companies associated together for the protection of their rights, appointed a board of directors, and a president, authorizing the latter to have entire charge of the affairs of the association, under the supervision of the directors. The president employed attorneys who conducted litigations over several years, greatly to the advantage of the members of the association. There was no vote of the directors approving the selection of the attorneys but the president reported their employment, at a formal meeting of the board, and no objection was made then or afterward, during the pendency of the litigation. *Held* a ratification binding each member of the association.

The result is the same though the association be treated as having no legal existence.

2. CORPORATIONS—*Partnership of.* Several private corporations having similar interests formed an association for the protection

of the rights common to all. By the authority of those to whom they committed the management of their common affairs, attorneys were employed and a litigation carried on for several years, with the knowledge, and to the profit of all. All are liable to the attorneys' bill, even though the association be regarded as without legal existence.

*Error to Morgan District Court, Hon. H. P. Burke, Judge. En banc.*

Messrs. JOHNSON & ROBISON and STEPHENSON & STEPHENSON, for plaintiffs in error.

Mr. C. M. ROLFSON, Mr. T. E. MUNSON, for defendants in error.

Opinion by Mr. Justice Teller.

THE parties to this action were defendants below in an action to recover attorney's fees and disbursements in a course of litigation alleged to have been brought for and at the instance of said defendants. The plaintiffs in error admitted the allegations of the complaint and alleged that the other defendants were jointly and severally liable.

The defendants in error, by their answer, denied that the plaintiffs had been employed by them in said litigation.

On the trial, at the close of plaintiff's case, the court sustained a motion by the Julesburg Irrigation District for a non-suit as against it, directed a verdict in favor of the other defendants who now appear as defendants in error, and entered judgment against the defendants which had admitted liability. They bring the case here for review, and allege error in the court's rulings in favor of the other defendants.

The litigation for which the attorneys' fees are claimed grew out of the following circumstances.

The defendants in that suit were members of an organization known as "The Lower Platte Protective Association," an unincorporated body, formed by various ditch companies in Water Districts No. 1 and No. 64, and the Julesburg Irrigation District, for the announced purpose of protecting the irrigation rights of its members.

The plaintiffs acted as attorneys for the association in an adjudication of water rights, and in various suits in which the rights of these parties as appropriators were involved through claims by others for seepage, waste and flood waters by which said rights are in great part satisfied. All of the litigation resulted in favor of the members of said association.

The constitution of the association provided for a board of directors consisting of three members from each of the two districts, four of whom should constitute a quorum for the transaction of business. It further provided that the president was to "have general executive control over all the officers, agents and employes of the association," and that he should "have entire charge of the operation and conduct of the business and affairs of the association, under the direction and supervision of the board of directors."

The trial court held that, as against the defendants in error, the plaintiffs had failed to show an employment; this for the reason that they failed to show any formal action by the board in the matter.

That was the ground of defense below, as it is here.

The president of the association testified—and it is undisputed—that there was, from the inception of the movement to organize the association, a general understanding among the parties in interest that the plaintiffs were to be employed as attorneys of the association; and that in pursuance of such understanding, and after consulting a majority of the board, he employed the plaintiffs.

It appeared also from the testimony of the president and of two other directors that at least five of the directors had knowledge of plaintiffs' employment and of the work they were doing for the association. The president testified that he reported to the board, at a formal meeting, the fact that plaintiffs had been so employed, and that no objection was made thereto. It appeared, also, that the board allowed and paid a number of bills for services and expenses of other parties, rendered at the instance of the president

without formal authority from the board.  Though the litigation extended over several years, there was no meeting of the board between 1908, the year in which the organization was formed, and the date on which the suit was begun.

There is no question as to the value of the services rendered by plaintiffs, nor is it denied that material benefits accrued to all these parties, as a result of plaintiffs' efforts.

The members of this association made some of its members their agents, under the designation of directors, to carry out the purpose for which the association was formed, and any valid contracts made by these agents will bind the principals.

It may be conceded that the so-called directors did not formally employ plaintiffs; yet, since Chase, one of the directors and acting as president of the association, reported to the board of directors the fact of such employment, and they made no objection thereto, the ratification of the act of employment is complete.  *Henry v. Water Co.,* 10 Colo. App. 14, 51 Pac. 90, 10 Cyc. 1075, *et seq.*

Those members who had knowledge of the hiring and did not disaffirm it within a reasonable time are deemed to have assented to it.  *Higgins v. Armstrong,* 9 Colo. 48; 10 Pac. 232, 10 Cyc. 1077.  Where the act is beneficial to the principal, slight evidence of ratification will raise a presumption of ratification.  *Ibidem* 1080; 2 Morawetz on Corporations, § 629.

Here the employment of an attorney to protect the interests of the members was the chief purpose of the organization.  The employment of counsel was necessary to the furtherance of that purpose.

It is unnecessary to determine whether or not all the defendants in error were members of the association under its constitution, or whether an irrigation district may become a partner with other corporations or individuals.

The organization may be treated as having no legal existence, but the defendants in error, acting within their undoubted powers, unitedly chose six agents to carry out

a business enterprise for the benefit of all. The plaintiffs were retained by these agents, litigation was carried on for a period of years—of which all these parties must have had knowledge,—with results of great value to all. The defendants in error are enjoying the benefits of the transaction, and so far as the record shows, they made no objection to plaintiffs' employment until called upon to aid in paying therefor. The court erred in taking the case from the jury, and holding that the fact of employment was not proved.

The judgment is reversed.

Chief Justice Hill not participating.